THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VANESSA SIMMONDS,<br><br>Plaintiff,<br><br>and<br><br>GEEKNET, INC. (f/k/a VA LINUX SYSTEMS, INC.), a Delaware corporation,<br><br>Nominal Plaintiff,<br><br>vs.<br><br>CREDIT SUISSE SECURITIES (USA), LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 2:12-cv-01937 JLR<br><br>**DEFENDANT'S RULE 41(D) MOTION FOR COSTS AND STAY**<br><br>**NOTE ON MOTION CALENDAR: January 25, 2013** |

DEFENDANT'S RULE 41(D) MOTION FOR COSTS AND STAY -
Case No. 2:12-cv-01937 JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000  FAX: 206.223.7107

Defendant Credit Suisse Securities (USA) LLC ("Credit Suisse") respectfully brings this motion for costs and a stay of proceedings pursuant to Federal Rule of Civil Procedure 41(d). Under Rule 41(d), "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." This action ("*Geeknet II*") presents the same claim against the same defendant as *Simmonds v. Credit Suisse Securities (USA) LLC*, No. 2:07-cv-01583-JLR, which plaintiff filed in 2007, litigated through appeal and a ruling by the U.S. Supreme Court, and then voluntarily dismissed on June 11, 2012 ("*Geeknet I*"). *See In re Section 16(B) Litigation*, No. 2:07-cv-01549-JLR, Dkt. # 104 (W.D. Wash.). Credit Suisse respectfully requests that the Court order plaintiff to pay Credit Suisse's costs of *Geeknet I*, as detailed herein, and stay proceedings until plaintiff has complied.

## BACKGROUND

This Court is of course familiar with the lengthy procedural history of *Geeknet I*. Briefly, and as set forth in Credit Suisse's Notice of Related Cases (Dkt. # 10), in 2007 Plaintiff Vanessa Simmonds brought *Geeknet I* and 53 other cases (collectively, the "Coordinated Cases") alleging that various defendant banks violated Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b), in connection with the underwriting of certain initial public offerings ("IPOs") in late 1999 and early 2000. Specifically, in *Geeknet I*, Simmonds alleged that Credit Suisse violated Section 16(b) in connection with the 1999 IPO of the predecessor entity of Geeknet, Inc.[1] Plaintiff filed amended complaints in the Coordinated Cases in February 2009. Following a status conference on April 28, 2008, this Court entered an order for coordination of motion practice and other matters. (*See* Minute Order, Coordinated Cases,

---

[1] At the time of the 1999 IPO, Geeknet was known as VA Linux Systems, Inc. In December 2001, VA Linux changed its name to VA Software Corporation, and then in May 2007 changed its name to SourceForge, Inc., the successor issuer entity identified in the October 2007 *Geeknet I* complaint. In November 2009, SourceForge changed its name to Geeknet, Inc., the successor issuer entity identified in the *Geeknet II* complaint.

DEFENDANT'S RULE 41(D) MOTION FOR COSTS AND STAY - 1
Case No. 2:12-cv-01937 JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000  FAX: 206.223.7107

Dkt. # 39.) Among other things, this Court stated: "There shall be no further amendments to the complaints or additional parties added without first seeking leave of court." (*Id.*)

Pursuant to this Court's April 2008 Minute Order, in July 2008, Credit Suisse and other underwriter defendants jointly filed a coordinated motion to dismiss the Coordinated Cases on numerous grounds, and certain issuer defendants filed a separate motion. *See In re Section 16(B) Litigation*, No. 2:07-cv-01549-JLR, Dkt. ## 54, 55, 56, 57. This Court dismissed all of the Coordinated Cases in an order dated March 12, 2009. *See In re Section 16(B) Litigation*, 602 F. Supp. 2d 1202 (W.D. Wash. 2009). Specifically, this Court dismissed *Geeknet I*, along with 23 other cases, for failure to satisfy the applicable statute of limitations, *id.* at 1216-19; and dismissed the remaining 30 cases without prejudice on the ground that the demand letters sent to the nominal defendant issuers had been inadequate, *id.* at 1211-15.

In a decision dated December 2, 2010, the Ninth Circuit affirmed this Court's dismissal of 30 of the cases, agreeing that Simmonds' demand letters were inadequate, but held that the dismissal should be deemed with prejudice. *See Simmonds v. Credit Suisse Sec. (USA) LLC*, 638 F.3d 1072, 1099 (9th Cir. 2010). The Ninth Circuit reversed as to the other 24 cases (including *Geeknet I*), holding that Simmonds' claims were not time-barred under then-prevailing Ninth Circuit law. *Id.*

Both parties filed petitions for certiorari. The Supreme Court denied plaintiff's petition concerning the adequacy of the demand letters, but granted defendants' petition on the statute-of-limitations issue. On March 26, 2012, the Supreme Court vacated the Ninth Circuit's statute-of-limitations holding in the 24 cases, and remanded the statute of limitations issue for further consideration. *See Credit Suisse v. Simmonds*, 132 S. Ct. 1414, 1421 (2012). On May 15, 2012, the Ninth Circuit remanded the 24 cases to this Court for further consideration of the statute of limitations issue in light of the Supreme Court's decision, and ordered this Court to dismiss the other 30 actions with prejudice. *See Simmonds v. Credit Suisse Sec. (USA) LLC*, 678 F.3d 1139 (9th Cir. 2012).

On June 11, 2012, before this Court had an opportunity to act on the Ninth Circuit's

DEFENDANT'S RULE 41(D) MOTION FOR COSTS AND STAY - 2
Case No. 2:12-cv-01937 JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

mandate, Plaintiff voluntarily dismissed *Geeknet I* along with all of the other Coordinated Cases. *See In re Section 16(B) Litigation*, No. 2:07-cv-01549-JLR, Dkt. # 104 (W.D. Wash.). Plaintiff purported to voluntarily dismiss each of the Coordinated Cases "with prejudice as to the adequacy-of-the-presuit-demand issue . . . and without prejudice as to all other issues." *See id.*

On November 2, 2012, Plaintiff filed *Geeknet II*, a second action that presents the same claim against the same defendant as *Geeknet I*. The action was initially assigned to Judge Zilly. On December 3, 2012, Credit Suisse filed a notice of related cases pursuant to Local Civil Rule 3(f) (Dkt. # 10), and Judge Zilly transferred the case to this Court on December 6, 2012 (Dkt. # 14).

## ARGUMENT

### I. AN AWARD OF COSTS FOR *GEEKNET I* IS WARRANTED UNDER RULE 41(D)

Rule 41(d) provides that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." Rule 41(d) "conveys broad discretion on federal courts to order stays and payment of costs. . . ." *Esquivel v. Arau*, 913 F. Supp. 1382, 1387 (C.D. Cal. 1996) (internal quotation marks omitted). The Rule is generally "intended to serve as a deterrent to forum shopping and vexatious litigation," but "there is no requirement of a showing of subjective 'bad faith' either in the language of Rule 41(d) or in the relevant case law." *Id.* at 1387-88 (internal quotation marks omitted). "Instead, the court should simply assess whether a plaintiff's conduct satisfies the requirements of Rule 41(d), and whether the circumstances of the case warrant an award of costs to prevent prejudice to the defendant." *Id.* at 1388. *See also id.* at 1388 n.10 (noting that the purpose of Rule 41(d) "is to compensate the defendant for the unnecessary expense that the plaintiff's litigation has caused"); *Aloha Airlines, Inc. v. Mesa Air Group, Inc.*, 2007 WL 2320672, at *2 (D. Haw. 2007) (The rule is

DEFENDANT'S RULE 41(D) MOTION FOR COSTS AND
STAY - 3
Case No. 2:12-cv-01937 JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

designed to "compensate the defendant for the unnecessary expense of defending against the plaintiff's litigation").

The requirements for an award of costs under Rule 41(d) are all met here. It is indisputable that Plaintiff voluntarily dismissed *Geeknet I* on June 11, 2012, and subsequently filed the present action, *Geeknet II*, which concerns "the same claim against the same defendant" as *Geeknet I*. As Credit Suisse explained in its Notice of Related Cases (Dkt. # 10), both complaints name the same parties (Simmonds and Credit Suisse),[2] and both complaints allege that Credit Suisse violated Section 16(b) by supposedly garnering impermissible "short-swing" profits in connection with its underwriting of the 1999 IPO of Geeknet, Inc. (f/k/a VA Linux, Inc.).

Although no further showing is required under the terms of Rule 41(d) to permit an award of costs—and specifically no showing of subjective bad faith is necessary—an award of costs here is also fully consistent with the underlying purposes of Rule 41(d) to deter "vexatious litigation." For example, courts have held that an award of costs under Rule 41(d) is appropriate where a plaintiff's conduct represents an "attempt[] to gain . . . tactical advantage by dismissing and refiling" her suit. *Sewell v. Wal–Mart Stores, Inc.*, 137 F.R.D. 28, 29 (D. Kan. 1991). *See also, e.g., Esquivel*, 913 F. Supp. at 1387 (awarding costs under Rule 41(d) where plaintiff's decision to refile her action in another forum after a motion to dismiss was filed in the initial forum signaled "a recognition that her suit in the [first forum] was vulnerable on the grounds asserted in the motion"); *Behrle v. Olshansky*, 139 F.R.D. 370, 372 (D. Ark. 1991) (awarding costs under Rule 41(d) where a plaintiff who "was not satisfied with his case after three days of trial" in state court took a voluntary non-suit and then refiled the same action in federal court); *Siepel v. Bank of Am., N.A.*, 239 F.R.D. 558, 564 (E.D. Mo. 2006) (awarding costs under Rule 41(d) where plaintiffs voluntarily dismissed several actions "to avoid court-imposed deadlines and unfavorable rulings" and then "reasserted the dismissed claims in this

---

[2] Lehman Brothers, which was also named as a defendant in *Geeknet I*, filed for bankruptcy in 2008. It is named as a non-party group member in the present action.

DEFENDANT'S RULE 41(D) MOTION FOR COSTS AND STAY - 4
Case No. 2:12-cv-01937 JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

case"); *Banga v. First USA, N.A.*, 2010 WL 6184482, at *4 (N.D. Cal. 2010) (awarding costs under Rule 41(d) where plaintiff dismissed claims against a party to avoid unfavorable discovery rulings and then filed new action).

Here, Plaintiff plainly attempted to gain a tactical advantage by (i) voluntarily dismissing *Geeknet I*, based upon carefully worded language, before this Court could render a judgment pursuant to the decisions of the Supreme Court and the Ninth Circuit, and then (ii) subsequently refiling the same claim anew. Plaintiff's strategy appears to be designed to attempt somehow to elude the Court's prior Minute Order, which required leave of the Court to file any further amended complaint (Coordinated Cases Dkt. # 30), as well as the prior precedent from this Court and the appellate courts. In light of the prior precedent, *Geeknet II* is plainly frivolous on statute-of-limitations and other grounds, and the only consequence of Plaintiff's maneuvering is to force Credit Suisse to engage in additional pointless motion practice.

Moreover, the deterrent purpose of Rule 41(d) (*see, e.g., Esquivel*, 913 F. Supp. at 1386) is especially apposite here, where plaintiff and her lawyers may be intending to re-file additional seriatim 16(b) suits that they previously dismissed. Indeed, prior to bringing this motion, counsel for Credit Suisse expressly asked counsel for plaintiff whether they intended to re-file any other of the previously dismissed Coordinated Actions, and explained that if there was such an intention, coordination of motion practice would likely serve the efficiency of the parties and the Court. Plaintiff's counsel refused to answer, citing legal privilege over their "litigation strategy." If, as it appears, plaintiff's intention is to try to seek tactical advantage by re-filing multiple seriatim cases, rather than to enable coordination as in the Coordinated Cases, then that too is precisely the type of wasteful, vexatious litigation that 41(d) may dissuade.

## II. CREDIT SUISSE'S RULE 41(D) COSTS TOTAL $24,278

The types of expenses recoverable as costs under Rule 41(d) are not limited to those allowable under 28 U.S.C. § 1920; rather, costs under Rule 41(d) constitute all "litigation-related expenditures," including "expenses and attorneys' fees that are reasonably incurred and

DEFENDANT'S RULE 41(D) MOTION FOR COSTS AND STAY - 5
Case No. 2:12-cv-01937 JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

that will not contribute toward defendants' defense in the present case." *Esquivel*, 913 F. Supp. at 1389-92 & n.11.[3]

Here, as set forth in detail in the declarations of David Lesser and Christopher Wells, Credit Suisse has reasonably incurred costs totaling $24,278.21 in connection with *Geeknet I* before this Court, the Ninth Circuit, and the Supreme Court. That total included expenses of $5,717.87 and attorneys' fees of $15,677.57 that Credit Suisse paid to WilmerHale, and expenses of $748.64 and attorneys' fees of $2,134.13 that Credit Suisse paid to Lane Powell.[4]

To calculate this sum, Credit Suisse employed the following methodology. First, Credit Suisse calculated the total costs paid by Credit Suisse in connection with the Coordinated Cases. Second, Credit Suisse has calculated a pro rata portion of costs that Credit Suisse incurred attributable to *Geeknet I* by dividing its total costs by the number of Coordinated Cases pending against Credit Suisse. Except at the Supreme Court stage, *Geeknet I* was one of 14 cases filed against Credit Suisse in the Coordinated Cases; accordingly, Credit Suisse has divided its total costs by 14 to determine the pro rata costs attributable to *Geeknet I*. At the Supreme Court stage, *Geeknet I* was one of only 7 cases pending against Credit Suisse (because the Supreme Court denied plaintiff's petition for *certiorari* on the demand-letter adequacy

---

[3] Although the Ninth Circuit has not addressed the issue of whether Rule 41(d) costs include attorneys' fees, the "majority of courts . . . have awarded attorneys' fees under [Rule] 41(d) outright, recognizing that including attorneys' fees as part of an award of costs is consistent with the purposes of Rule 41(d)." *Aloha Airlines*, 2007 WL 2320672, at *3. *See also, e.g., Esquivel*, 913 F. Supp. at 1388-92 (discussing rationale for awarding fees); *Cadle Co. v. Beury*, 242 F.R.D. 695, 699 (S.D. Ga. 2007) ("Rule 41(d) affords the Court discretion to award attorney's fees as part of the 'costs of the action previously dismissed.'" (quoting Rule 41(d)); *Wishneski v. Old Republic Ins. Co.*, 2006 WL 4764424, at *4 (M.D. Fla. 2006) (holding that Rule 41(d) "allows the Court to award costs, as well as attorney's fees, in its discretion"); *Behrle*, 139 F.R.D. at 374 (noting that "Congress intended that [Rule 41(d)] have some 'teeth'" and therefore holding that "Congress must have intended when Rule 41(d) was adopted to give the court discretion to include reasonable attorney's fees in the 'costs' that could be imposed"); *New Louisiana Holdings, LLC v. Arrowsmith*, 2012 WL 6061710, at *10 (N.D. Ill. 2012) ("[T]he Court possesses the inherent authority to specifically order attorneys' fees under Rule 41(d)."); *Evans v. Safeway Stores, Inc.*, 623 F.2d 121, 122 (8th Cir. 1980) (awarding attorneys' fees under Rule 41(d)).

[4] As explained in the declaration of David Lesser, the amount Credit Suisse paid to WilmerHale included a pro rata share of professional fees incurred by Kirkland & Ellis in connection with the Supreme Court stage of the Coordinated Cases.

DEFENDANT'S RULE 41(D) MOTION FOR COSTS AND STAY - 6
Case No. 2:12-cv-01937 JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

issue); accordingly, to determine pro rata costs at that stage, Credit Suisse has divided its costs incurred by 7. The full calculations are set forth in the exhibits accompanying the declarations of Lesser and Wells.

As noted above, some courts have awarded only such costs of a prior action as it determined "will not contribute toward defendants' defense in the present case." *Esquivel*, 913 F. Supp. at 1392. No such limitation is set forth in Rule 41(d) itself, but in any event, Credit Suisse respectfully submits that even under this method, in determining an appropriate award of costs, no reduction of the total amount of the costs sought herein in connection with *Geeknet I* would be warranted. The costs sought here as calculated above vastly underestimate the actual expenses and fees of the defense of *Geeknet I* as part of the Coordinated Cases. Because Credit Suisse would have had to take largely the same measures to defeat the *Geeknet I* case standing alone as it did to defeat the 14 cases against it in the Coordinated Actions, it would be reasonable to associate the lion's share of the costs of the prior "action" with *Geeknet I*, with at best only a modest reduction in the total amount to account for the other Coordinated Cases. In addition, substantial burdens of defending *Geeknet I* and the other Coordinated Case in this Court and the Ninth Circuit were shouldered by Kirkland & Ellis, which the Court appointed as liaison counsel for the underwriter defendants in July 2008. (*See* Coordinated Cases Dkt. # 50.) Credit Suisse has not sought any costs under 41(d) for such joint-defense expenses, except at the Supreme Court, where, as noted above, Credit Suisse (and other defendants) paid fees for certain work performed by Kirkland & Ellis.

Moreover, in in any event very little of the prior work in defending *Geeknet I* can be harnessed to decrease the likely costs of litigating *Geeknet II*. Although the claims in *Geeknet II* are materially identical to those in *Geeknet I*, plaintiff's strategy of filing a new complaint means that Credit Suisse must engage in new motion practice, and the grounds for such motion practice will be based largely on precedent (such as the decision of the Supreme Court in this case) and events (such as the effect of the prior dismissal) that post-date the omnibus motion to dismiss previously filed in connection with *Geeknet I*. In addressing these grounds, there is

DEFENDANT'S RULE 41(D) MOTION FOR COSTS AND STAY - 7
Case No. 2:12-cv-01937 JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

only partial overlap with the prior omnibus motion, and any research conducted for that motion—which was filed four-and-a-half years ago—will have to be conducted again in this action. In addition, to the extent that Credit Suisse may take advantage of prior work performed by liaison counsel or other members of the joint defense in the Coordinated Cases, no deduction to costs awarded here is warranted for that because Credit Suisse is not seeking any costs associated with that prior work anyway. Finally, in defending *Geeknet II* Credit Suisse can take advantage of no efficiencies of scale through multi-defendant omnibus briefing. Indeed, the cost to Credit Suisse in moving to dismiss the instant complaint is likely to well exceed the pro rata costs it seeks for *Geeknet I* under Rule 41(d), even though *Geeknet I* was litigated to the U.S. Supreme Court.

In sum, in dismissing the Coordinated Cases and pursuing *Geeknet II*, plaintiff has elected a litigation strategy that maximizes the burden on Credit Suisse in defending a frivolous case and eclipses any cost benefit that could otherwise be derived from the prior action. The costs sought herein are already substantially less than Credit Suisse could rightly obtain under Rule 41(d), and Credit Suisse submits that no further reduction is warranted.

### III. THIS ACTION SHOULD BE STAYED

Rule 41(d) also gives this Court discretion to stay this action pending Plaintiff's payment of costs for *Geeknet I*. *See Esquivel*, 913 F. Supp. at 1393. A stay of this action pending payment of costs by Plaintiffs is appropriate. Given Plaintiff's substantial multi-year delay in filing *Geeknet I* after the events at issue, and the further long delay in filing the present action, a stay pending payment of costs will not prejudice her claims in any manner. Credit Suisse respectfully submits that it should not be required to defend this action, including by responding to the *Geeknet II* complaint, until payment has been made in an amount determined proper by the Court.

### CONCLUSION

For the foregoing reasons, Credit Suisse respectfully requests that the Court order plaintiff to pay $24,278 in costs in connection with *Geeknet I* and stay proceedings until

DEFENDANT'S RULE 41(D) MOTION FOR COSTS AND STAY - 8
Case No. 2:12-cv-01937 JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

payment has been made in an amount determined proper by the Court.

DATED: January 10, 2013

LANE POWELL PC

By *s/Christopher B. Wells*
Christopher B. Wells, WSBA No. 08302
1420 Fifth Avenue, Suite 4100
Seattle, WA 98101-2338
Telephone: 206.223.7000
Facsimile: 206.223.7107
Email: wellsc@lanepowell.com

WILMER CUTLER PICKERING
 HALE AND DORR LLP
David S. Lesser *(pro hac vice pending)*
Fraser L. Hunter *(pro hac vice pending)*
7 World Trade Center
250 Greenwich Street
New York, NY  10007
Telephone: 212.230.8851
Facsimile: 212.230.8888
Email: david.lesser@wilmerhale.com
Email: fraser.hunter@wilmerhale.com

Attorneys for Defendant
Credit Suisse Securities (USA) LLC

DEFENDANT'S RULE 41(D) MOTION FOR COSTS AND STAY - 9
Case No. 2:12-cv-01937 JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

# CERTIFICATE OF SERVICE

Pursuant to RCW 9.A.72.085, the undersigned certifies under penalty of perjury under the laws of the State of Washington, that on the 10th day of January 2013, the document attached hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the following persons:

Jeffrey I. Tilden
Mark A. Wilner
David M. Simmonds
Gordon Tilden Thomas & Cordell, LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
jtilden@gordontilden.com
mwilner@gordontilner.com
dsimmonds@gordontiler.com

William C. Smart
Ian S. Birk
Keller Rohrback, LLP
1201 Third Avenue, Suite 3200
Seattle, WA  98101
wsmart@kellerrohrback.com
ibirk@kellerrohrback.com

Molly M. Dailey
Stoel Rives
600 University Street, Suite 3600
Seattle, WA  98101
mmdaily@stoel.com

David S. Lesser
Fraser L. Hunter, Jr.
WilmerHale
7 World Trade Center
250 Greenwich Street
New York, NY  10007
david.lesser@wilmerhale.com
fraser.hunter@wilmerhale.com

DEFENDANT'S RULE 41(D) MOTION FOR COSTS AND STAY - 10
Case No. 2:12-cv-01937 JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000  FAX: 206.223.7107

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Executed on the 10th day of January 2013, at Seattle, Washington.

*Sabrina Koskinen*
Sabrina Koskinen

DEFENDANT'S RULE 41(D) MOTION FOR COSTS AND STAY - 11
Case No. 2:12-cv-01937 JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000  FAX: 206.223.7107