WILMERHALE

January 17, 2013

By ECF

**David Sapir Lesser**

+1 212 230 8851 (t)
+1 212 230 8888 (f)
david.lesser@wilmerhale.com

The Honorable James L. Robart
United States Courthouse
700 Stewart Street, Suite 14128
Seattle, WA 98101 - 9906

Re:   *Simmonds v. Credit Suisse*, No. 2:12-cv-01937 JLR

Dear Judge Robart:

I write on behalf of defendant Credit Suisse in advance of the telephonic status conference in the above-referenced case set by the Court for January 18, 2012. Credit Suisse appreciates the Court's willingness to set aside time for this conference, and is of course prepared to address any matters the Court wishes to cover. On Wednesday morning, January 16, I reached out to counsel for Plaintiff to propose, for the sake of efficiency, that the parties submit a joint status report in advance of the conference, consistent with the Court's directive in the Coordinated Cases. *See In re Section 16(B) Litig.*, No. 2:07-cv-1549-JLR, Dkt. No. 9 (Order Setting Status Conference and Requiring Joint Status Report). Plaintiff declined; accordingly, I am taking the liberty of submitting this letter to apprise the Court of the status of certain issues that have arisen and that Credit Suisse respectfully proposes to include on the agenda.

1. Scheduling of Motion to Dismiss

Plaintiff filed the complaint in this action on November 2, 2012, and subsequently requested that Credit Suisse waive service pursuant to Federal Rule of Civil Procedure 4. On November 13, 2012, the parties agreed that Credit Suisse would waive service of the complaint and that no responsive pleading to the complaint would be due before January 24, 2013 (a short enlargement of the 60-days ordinarily provided under Rule 4). Credit Suisse anticipated that ultimately a schedule for briefing, and related logistics, would later be established by order of this Court.[1]

As the Court is aware, Credit Suisse subsequently filed, on January 10, 2013, a motion for costs and for a stay pursuant to Federal Rule of Civil Procedure 41(d). *See* Dkt. No. 17. If granted, the requested stay would apply to dispositive motions. Accordingly, Credit Suisse respectfully

---

[1] In the interest of efficient case management for the parties and the Court, Credit Suisse has repeatedly asked counsel for Plaintiff to disclose whether Plaintiff intends to file any additional previously dismissed 16(b) suits against Credit Suisse, in order that all such actions, including motion practice, could be coordinated as was done previously before this Court. Counsel for Plaintiff has refused to disclose whether she intends to file any such additional cases, citing privilege over "litigation strategy." Counsel for Plaintiff has likewise not disclosed whether Plaintiff has sent any new demand letters to any of the other issuers involved in the previously dismissed 16(b) suits against Credit Suisse.

Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, New York 10007
Beijing   Berlin   Boston   Brussels   Frankfurt   London   Los Angeles   New York   Oxford   Palo Alto   Waltham   Washington

WILMERHALE

Hon. James L. Robart
January 17, 2013
Page 2

submits that a reasonable schedule would permit the Court to determine whether Credit Suisse's motion for a stay is meritorious before requiring Credit Suisse to respond to the complaint. Accordingly, Credit Suisse would respectfully request that the Court enter a scheduling order directing that any motion to dismiss or other response by Credit Suisse to the complaint in this action should not be due until the latter of:

> (a) if a stay requested by Credit Suisse's Rule 41(d) motion is granted by the Court, then 21 days after the issuance of an order by the Court lifting such stay; or

> (b) if the stay requested by Credit Suisse's Rule 41(d) motion is denied by the Court, then 21 days after the issuance of an order denying such requested stay.

Credit Suisse has conferred with counsel for Plaintiff, who stated that they do <u>not</u> agree with this proposed schedule.

2. <u>Threshold Issue Concerning Effect of Prior Voluntary Dismissal</u>

Credit Suisse is prepared to brief all grounds for dismissal of the complaint in a motion to dismiss on whatever due date the Court directs. Credit Suisse notes, however, that on July 8, 2012, this Court held that "the effect of Ms. Simmonds's notices of dismissal (i.e. whether they are with or without prejudice) should be made if and when she initiates a second action that includes the same claim." *Id.*, Dkt. No. 108 at 5. Because Plaintiff has now initiated such a second action, to the extent that the Court would prefer, Credit Suisse is also prepared to brief this discrete matter as a separate, threshold issue, prior to briefing other fulsome grounds for dismissal.

Credit Suisse has conferred with counsel for Plaintiff, and they stated that they do <u>not</u> agree with such an approach.

3. <u>Page Limits for Briefing on Motion to Dismiss</u>

Given the lengthy procedural history of this litigation, and the significant number of legal grounds that Credit Suisse intends to raise in its motion to dismiss—including certain issues that were previously briefed in the Coordinated Cases by various issuer nominal defendants rather than underwriter defendants—Credit Suisse would respectfully ask the Court to establish the following enlargement of page limits for the motion to dismiss briefing, which Credit Suisse submits is consistent with the page enlargements afforded in the Coordinated Cases:

> (a) Credit Suisse's opening brief shall not exceed 40 pages

> (b) Plaintiff's opposition brief shall not exceed 40 pages

WILMERHALE

Hon. James L. Robart
January 17, 2013
Page 3

      (c) Credit Suisse's reply shall not exceed 20 pages

Credit Suisse conferred with counsel for Plaintiff, who stated that they do <u>not</u> agree with this proposal.

    4.   Initial Discovery Deadlines

On January 3, 2013, the Court set a deadline of February 19, 2013, for the parties' Rule 26(f) conference, and a deadline of March 4, 2013, for the exchange of initial disclosures and the submission of a joint discovery plan. *See* Dkt. No. 15. Because this case is subject to a stay of discovery pursuant to the PSLRA, in the interests of judicial economy, Credit Suisse respectfully submits that these deadlines should be deferred until after the resolution of the motion to dismiss, as they were similarly deferred in the prior Coordinated Cases. The parties agreed to an equivalent adjournment in the Coordinated Cases, *see In re Section 16(B) Litig.*, No. 2:07-cv-1549-JLR, Dkt. No. 36 at 11 (joint status report), and this Court approved the requested stay, *id.* at Dkt. No. 39 (minute order).

Credit Suisse has conferred with counsel for Plaintiff, who stated that they <u>do</u> agree that no discovery should occur until resolution of an eventual motion to dismiss, and the related effect of adjourning the February 19 and March 4 deadlines.[2]

            \* \* \*

I thank the Court again for setting aside time to hear the parties on these and any other issues the Court may wish to cover.

                  Respectfully submitted,

                  David Lesser /By CJR

cc:    Counsel of Record (by ECF)

---

[2] In expressing their agreement to the proposed stay, counsel for Plaintiff nonetheless stated without explanation their disagreement "that the PSLRA applies here." It does apply by its plain terms. *See* 15 U.S.C. § 78u-4(b)(3)(B) ("In *any private action* arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.") (emphasis added); 15 U.S.C. § 78p(b) (codifying Section 16(B) in the same chapter as the PSLRA's discovery stay provision).