Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| VANESSA SIMMONDS, | NO.  2:12-cv-01937 JLR |
| Plaintiff, | |
| and | PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE 41(D) MOTION FOR COSTS AND STAY |
| GEEKNET, INC. (f/k/a VA LINUX SYSTEMS, INC.), a Delaware corporation, | |
| Nominal Plaintiff | |
| v. | |
| CREDIT SUISSE SECURITIES (USA) LLC, a Delaware limited liability company, | |
| Defendant | |

## I.   INTRODUCTION

Credit Suisse's motion should be denied.  This suit and the prior suit involve different operative facts.  They are not the same claim under Fed. R. Civ. P. 41(d).  The Court should exercise its discretion not to issue sanctions in any event, as the present suit does not involve forum shopping, vexatious litigation, or any attempt at gaining an impermissible tactical advantage.  Finally, the amount of costs and the stay Credit Suisse requests are excessive.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE 41(D) MOTION FOR COSTS AND STAY – 1
No. 2:12-cv-01937 JLR

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

## II.  ARGUMENT AND AUTHORITIES

### A.  The Rule

The text of the rule governing Credit Suisse's motion provides, in full:

> **(d)**  **Costs of a Previously Dismissed Action**.  If a plaintiff who has previously dismissed an action in any court files an action **based on or including the same claim** against the same defendant, the court:
>
> **(1)**  **may** order the plaintiff to pay all or part of the **costs** of that previous action; and
>
> **(2)**  **may** stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d) (emphasis added).

### B.  This Case Is Neither Based on Nor Includes the Prior Claim Against Credit Suisse.

#### 1.  The Essential Operative Facts of the Two Claims Differ.

Credit Suisse's motion should be denied because the present case is neither based on nor includes the prior claim:

- The present suit is based on a Section 13(d) group composed of Credit Suisse, Sequoia Capital, Lehman Brothers, and Wilson Sonsini.[1]  *See* Tilden Decl., Ex. A.  No such group was alleged in the prior suit, which addressed a group involving issuer insiders.  *Id.*, Ex. B.

- The coordinated conduct among group members here involves arrangements to maximize the spread between the IPO price and immediate aftermarket price of VA Linux shares, and to use European collars, internal distributions, and other devices to circumvent lock-up restrictions and to lock-in profits prior to lock-up agreement expirations.  *Id.*, Ex. A.  No such conduct was alleged in the prior case (and, for that matter, in the IPO Litigation, or in any SEC or other governmental action known to date).[2]  *Id.*, Ex. B.

---

[1] Section 16(b) insiders include, among other categories, any shareholder with more than a 10 percent interest in the issuer.  Such a shareholder can be a single shareholder that individually owns more than a 10 percent interest.  It can also be a group of shareholders, pursuant to Section 13(d), that collectively owns more than a 10 percent interest.  *See also* SEC Rule 16a-1(a)(1).

[2] Section 16(b) claims against the same defendant based on the defendant's membership in **different** Section 13(d) groups are at least as different as criminal conspiracy cases against the same criminal defendant based on that defendant's involvement with different, even overlapping, co-conspirators pursuing the same criminal objective— and in those cases, courts find there are **different** conspiracies such that double jeopardy does not attach.  *See, e.g.,*

PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE  
41(D) MOTION FOR COSTS AND STAY – 2  
No. 2:12-cv-01937 JLR

GORDON TILDEN THOMAS & CORDELL LLP  
1001 Fourth Avenue, Suite 4000  
Seattle, WA  98154  
Phone (206) 467-6477  
Fax (206) 467-6292

The claims superficially appear similar: same or similarly named litigants, and same statute pursuant to which the claims are asserted. But these similarities are not the test under Rule 41(d). Courts look to the "operative facts" to assess whether the claims are "identical, or nearly identical." *Lloyd v. PacifiCorp*, No. CV-09-360-ST, 2009 WL 2392993, at *5 (D. Or. July 31, 2009); *Esquivel v. Arau,* 913 F. Supp. 1382, 1387 (C.D. Cal. 1996). Credit Suisse states the claims in both cases are "the same" but does not engage in any analysis of the operative facts of either suit. *See* Mot. at 3:6, 4:5.

### 2.     The Current Claim Was Undiscoverable When the Prior Claim Was Filed.

In fact, Plaintiff and her counsel did not know—and could not have known—about the operative facts of this case when Plaintiff filed the prior case in 2007. *See* Simmonds Decl. ¶¶ 2-6. In retrospect, Plaintiff can ascertain that key evidence about the Section 13(d) group alleged here first surfaced in 2009—approximately two years **after** Plaintiff filed the first suit. *Id.* This evidence stems from the nomination of John Roos as the U.S. Ambassador to Japan. *Id.* Mr. Roos is the former chair of Wilson Sonsini Goodrich & Rosati, and was heavily involved in its 1999-2000 era IPO investment fund. *Id.*, Ex. A. In connection with his nomination, Mr. Roos made required financial disclosures later described as a previously-uncovered "treasure trove of information about the firm's fabled investment fund." *Id.* Although not knowable to a reasonably diligent shareholder, this information led to an understanding of the connection between Wilson Sonsini and Sequoia Capital, and their unusual pattern of involvement with a select group of investment banks—including Credit Suisse in particular—in the most notorious "bubbled" IPO of the era. *Id.* ¶¶ 3-5. It also coincided with a recent shift in the focus of

---

*United States v. El-Mezain*, 664 F.3d 467, 547 (5th Cir. 2011), as revised (Dec. 27, 2011); *United States v. Guzman*, 852 F.2d 1117, 1120-21 (9th Cir. 1988) (same). The same rationale should apply here.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE 41(D) MOTION FOR COSTS AND STAY – 3
No. 2:12-cv-01937 JLR

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

academic research analyzing "bubble" era events toward the relationship between a select group of venture capital firms (as opposed to issuer decision-makers) and handful of high profile investment banks. *Id.* None of this evidence formed the foundation of the prior suit. *Id.* ¶ 6.

**C.     The Court Should Exercise its Discretion to Deny the Motion in any Event.**

   **1.     The Court's Broad Discretion Under Rule 41(d)**

"Courts are afforded broad discretion" under Rule 41(d). *Lloyd*, 2009 WL 2392993, at *5 (citing *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000); *Esquivel*, 913 F. Supp. at 1386). Rule 41(d) is intended to prevent forum shopping, vexatious litigation, and attempts at gaining an impermissible tactical advantage. *Garcia v. Federal Home Loan Mortgage Corp.*, No. 1:12-cv-00397-AWI, 2012 WL 3756307, at *1-3 (E.D. Cal. Aug. 28, 2012); *Lloyd*, 2009 WL 2392993, at *5. These considerations are not present here.

   **2.     No Forum Shopping**

*Esquivel*—one of the main cases cited by Credit Suisse—exemplifies a situation contemplated by Rule 41(d) where sanctions were appropriate. There, the plaintiff had simultaneously filed two suits with the same operative facts in two separate courts, without any ties to either forum, coupled with other evidence that plaintiff was forum shopping—and then filed a third suit with the same operative facts in a third forum.[3] *Esquivel*, 913 F. Supp. at 1386. Here, the two suits were filed in a proper forum, and Plaintiff filed the second one in the same forum as the first. Plaintiff also explicitly had no objection to the request to transfer the case

---

[3] The other cases Credit Suisse cites are similarly distinguishable. *Banga v. First USA, N.A.*, No. C10-00975 SBA LB, 2010 WL 6184482, at *5-6 (N.D. Cal. Dec. 8, 2010) ("blatant forum shopping" when plaintiff filed the same claim in different federal courts); *Aloha Airlines, Inc. v. Mesa Air Group, Inc.,* No. 07-00007DAE-KSC, 2007 WL 2320672, at *1-2 (D. Haw. 2007) (similar case filed in different forum); *Siepel v. Bank of America, N.A.*, 239 F.R.D. 558, 565 (E.D. Mo. 2006) ("ample evidence" of forum shopping, including filing five cases in four different states).

PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE
41(D) MOTION FOR COSTS AND STAY – 4
No. 2:12-cv-01937 JLR

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

from Judge Zilly to this Court. *See* Dkt. 13. These facts weigh heavily against issuing Rule 41(d) sanctions. *Garcia*, 2012 WL 3756307, at *2-3; *Lloyd*, 2009 WL 2392993, at *6.

### 3. No Vexatious Conduct, Harassment, or Impermissible Tactical Advantage

#### a. Merits Not Reached in Prior Case, Which Involved Significant Procedural Issues

Nor is this vexatious[4] litigation designed to harass Credit Suisse. The previous case involved hard-fought litigation over difficult procedural questions. Courts at various levels expressed differing views, culminating in a decision on one issue by a divided Supreme Court. The merits were never reached. Courts exercise their discretion **not** to award Rule 41(d) costs in similar circumstances. *See, e.g., Ecoquest Int'l, Inc. v. Oregon Collectables*, No. Civ.04-3088-CO, 2005 WL 174850, at *1 (D. Or. Jan. 24, 2005) (no costs when prior case involved "difficult" procedural issue as evidenced by judicial opinions rendered, and merits were never reached); *see also Lloyd*, 2009 WL 2392993, at *6 (re-filing even the "same" suit when prior suit was not fully resolved on merits "is not the type of vexatious litigation that FRCP 41(d) seeks to prevent.").[5]

#### b. Proper Voluntary Dismissal of Prior Case

Credit Suisse implies Plaintiff impermissibly dismissed the first case voluntarily, stating that the dismissal was "based upon carefully worded language." Mot. at 5. Plaintiff agrees the dismissal was carefully worded. But it was carefully worded to be accurate—and Credit Suisse had insisted on a dismissal with prejudice on **all** issues, despite the law and courts' prior

---

[4] Vexatious is defined as "without reasonable or probable cause or excuse; harassing; annoying." Black's Law Dictionary (9th ed. 2009). Credit Suisse cites *Sewell v. Wal-Mart Stores*, Inc., 137 F.R.D. 28 (D. Kan. 1991). Yet *Sewell* exemplifies a court exercising its discretion **not** to award costs despite claims being "identical" where there is a lack of vexatious intent. *Id.* at 29.

[5] Credit Suisse cites *Behrle v. Olshanksy*, 139 F.R.D. 370 (W.D. Ark. 1991). However, there, the plaintiff nonsuited a case following eight years of litigation in both state and federal courts, and three days of trial **on the merits**. *Id.* at 371. He then filed the "identical" claim thereafter. *Id.*

PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE 41(D) MOTION FOR COSTS AND STAY – 5
No. 2:12-cv-01937 JLR

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

pronouncements being to the contrary. *See* Dkt. 104 (Notice of Dismissal in Master Case No. 2:07-cv-01549-JLR) (citing *Simmonds v. Credit Suisse Sec. (USA) LLC*, 638 F.3d 1072, 1097 (9th Cir. 2011); *In re Kauffman Mut. Fund Actions,* 479 F.2d 257, 267 (1st Cir.1973)). Where there is no evidence the second suit was filed to harass the defendant or gain an "inappropriate tactical advantage," then the court likewise properly exercises its discretion not to issue Rule 41(d) sanctions. *Lloyd*, 2009 WL 2392993, at *6; *Garcia*, 2012 WL 3756307, at *2-3.

### c. Prior Minute Order

Nor is Plaintiff attempting "to elude" a prior minute order from this Court requiring leave to file an amended complaint. Mot. at 5. Plaintiff dismissed the prior case within her rights, as this Court previously determined. Dkt. 108 (Order in Master Case No. 2:07-cv-01549-JLR overruling Credit Suisse's objections to dismissal). This case also is a different suit involving different group members engaging in different conduct. Although Credit Suisse says this suit is "plainly frivolous on statute-of-limitations and other grounds," it does not explain why. Mot. at 5:11. The allegations supporting a Section 13(d) group and Credit Suisse's insider status are beyond the knowledge of a reasonably diligent shareholder, ascertainable only through an intensive investigation requiring maximum diligence. This meets the Supreme Court's tolling test. *Credit Suisse Secs. (USA) LLC v. Simmonds*, 132 S.Ct. 1414, 1419-21 (2012).

### d. Protecting Privilege

Credit Suisse argues Rule 41(d) is best applied here where Plaintiff "may" file additional suits, citing our refusal to disclose privileged information. Mot. at 5:15. It cannot be a viable argument in support of Rule 41(d) sanctions that Plaintiff properly exercised her right not to disclose privileged information about the progress of on-going case investigations. To be clear, Plaintiff's attorneys are investigating five additional cases. All are in different stages of

PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE
41(D) MOTION FOR COSTS AND STAY – 6
No. 2:12-cv-01937 JLR

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

assessment. The facts in each case are unique, and no decision has been made on whether to file suit in any of them. If another suit were brought, it would be governed by the same Rule 41(d) standard, including whether it raises the same operative facts as a previously dismissed case.[6]

**D.      If the Court Awards Any Costs, They Should Be Limited to $937.84.**

   **1.      Rule 41(d) Permits an Award Only of Costs, <u>Not</u> Attorneys' Fees.**

Credit Suisse argues that Plaintiff should pay Credit Suisse's attorneys' fees, in addition to its costs. Rule 41(d), however, only provides for a cost award. Although some courts have awarded attorneys' fees under Rule 41(d) nonetheless, that is not the published practice of the Western District of Washington, nor other courts within the Ninth Circuit. *See Henderson v. Blount*, No. C10-5433BHS, 2010 WL 3385322, at *1 (W.D. Wash. Aug. 25, 2010) ("Rule 41(d) only governs an award of costs, not attorney's fees.").

The plain language of the rule compels this conclusion. As one District Court in this Circuit recently reasoned (in a case cited by Credit Suisse in its motion):

> Chase Bank argues that costs should include its attorneys' fees. Under the plain language of Rule 41(d), that argument fails.
>
> A court looks to the plain and ordinary meaning of the words in Rule 41(d), which refers only to "costs" and not to "fees." *See Hardt v. Reliance Standard Life Ins. Co.,* ⸺ U.S. ⸺, ⸺, 130 S.Ct. 2149, 2156, 176 L.Ed.2d 998 (2010) (analyzing plain language of ERISA's general fee-shifting statute). Elsewhere, the rules refer sometimes to costs, and sometimes to fees. *See, e.g.,* Fed. R. Civ. P. 4(d) (2)(B) (expenses including attorney's fees), 1 1(c)(2) (same), 37(f) (same); Fed. R. Civ. P. 55(b)(1), 65(c), 68(b) ("costs"). Four separate rules refer to both "attorney's fees" and "costs." *See* Fed. R. Civ. P. 16(f), 23(g)(1)(B) and (h), 54(d), 58(e). For example, Rule 54(d) separates out "costs" and "attorney's fees." These references show that when Congress wanted to grant attorney's fees, it did so explicitly. *See Simeone v. First Bank Nat'l Assoc.,* 125 F.R.D. 150, 155 (D. Minn.1989) (collecting cases). It did not in Rule 41(d), and under the plain language of the rule, Chase Bank should receive only costs and not attorney's

---

[6] Counsel for Credit Suisse couched their request for privileged information as designed to help the Court. It seems more likely that they sought the privileged information to use on this motion.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE
41(D) MOTION FOR COSTS AND STAY – 7
No. 2:12-cv-01937 JLR

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

fees. *See Rogers v. Wal–Mart Stores, Inc.,* 230 F.3d 868, 874–75 (6th Cir. 2000) (collecting cases).

In reaching this conclusion, the court has considered and rejected decisions that conclude that Rule 41(d) costs may include attorney's fees. *See Esquivel v. Arau,* 913 F. Supp. 1382, 1388–92 (C.D. Cal.1996) (collecting cases). The plain language of Rule 41(d) controls here. *See Rogers,* 230 F.3d at 874.

*Banga*, 2010 WL 6184482, at *5-6.

### 2. Credit Suisse Has Only Provided Evidence of $937.84 in Recoverable Costs.

Most of Credit Suisse's costs are not recoverable and are unreasonably excessive. "Under Rule 41(d), a party can recover reasonable costs as long as they are not related to work products that can be used in the second action." *Aloha Airlines*, 2007 WL 2320672 at *7 (quotation omitted). A court should not award costs that are "not itemized or attributed to a specific work activity" such that the Court "cannot determine whether or not they will be useful in the present action." *Id. Accord Equivel*, 913 F. Supp. at 1393 (refusing to award costs as to which there was "no way to assess" whether they were "reasonably or necessarily incurred, or whether they will be of continuing usefulness.").

#### a. National Counsel Costs

Credit Suisse claims costs of $5,717.87 incurred by New York counsel related on a pro rata basis to the prior case. The following items are not recoverable however:

- A single line item of $31,042.48 paid to Kirkland & Ellis LLP for the Supreme Court litigation. This item represents attorney fees, rather than costs; this block-billed entry does not allow the Court to assess the reasonableness of these fees—most of which were devoted to an argument the Supreme Court did not adopt; to the extent the Supreme Court litigation reversed the *Whittaker* rule it is of continued usefulness; and to the extent defendants argued that Section 16(b) does not permit tolling they did not prevail in the Supreme Court.

- Computerized legal research charges incurred by attorney David Lesser in April 2009 totaling $1,346, even though Mr. Lesser's time records reflect no research done by him in the preceding three months.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE 41(D) MOTION FOR COSTS AND STAY – 8
No. 2:12-cv-01937 JLR

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

- Computerized legal research charges incurred by attorney Margaux Hall in December 2010 totaling $210. The time records show that Ms. Hall first worked on the case only after the Ninth Circuit's opinion was issued and that her research was directed to the demand letter requirement—an issue that had been thoroughly briefed in this Court and in the Ninth Circuit long before.

- Computerized legal research charges incurred by attorney Janet Carter in August–October 2011 totaling $5,707. The time records show that Ms. Carter first worked on the case in July 2011, more than three years after it was filed, and that her legal research in the following three months was addressed to the Supreme Court briefing. This work is clearly duplicative and excessive given that other attorneys had already briefed the issues.

*See* Wilner Decl. ¶¶ 2-3 & Ex. A. When these charges are eliminated, the recoverable costs for Wilmer Hale total $903.91 for the Supreme Court Phase, of which 1/7th is $129.13, and $3,187.36 for all other phases, of which 1/14th is $227.67, totaling $356.80. *Id.*

### b. Local Counsel Costs

Defendants also claim costs of $748.64 incurred by local counsel. But this figure is based on a total that includes the following non-recoverable items:

- $13,650 for 30 appellate cross-appeal filing fees of $455 each. However, the prior case was not even one of the cases Credit Suisse cross-appealed.

- Travel expenses for **local counsel** to the Supreme Court totaling $3,284.83. Plaintiff is separately being asked to pay for Credit Suisse's national counsel to travel to the Supreme Court. It is duplicative for **local counsel** to travel to the Supreme Court also.

- $914.30 in miscellaneous "document printing," "electronic image," and "reproduction costs," all of which copying has continued usefulness.

*Id.* ¶¶ 2-4 & Exs. B, E. When these charges are removed, and the remainder is reduced for Credit Suisse's average responsibility for 10.85% of local counsel's costs, the total costs for local counsel amount to $8,134.56, of which 1/14th is $581.04. *Id.*

PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE
41(D) MOTION FOR COSTS AND STAY – 9
No. 2:12-cv-01937 JLR

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

### E. Courts That Have Awarded Attorneys' Fees—Despite the Plain Language of Rule 41(d)—Still Limits Those Fees to a Reasonable Amount.

In the event the Court exercises its discretion to award costs, **and** determines that "costs" includes "attorneys' fees" (despite the language of the rule), then Credit Suisse **still** would be entitled only to a reasonable fee amount under a lodestar approach. "The Court must guard against awarding fees and costs which are excessive, and must assess the extent to which fees and costs are self-imposed and could have been avoided." *Aloha Airlines*, 2007 WL 2320672 at *5. The court has discretion to "trim fat." *Id*. at *6 (quotation omitted). Block billing, which lumps together multiple tasks, makes it impossible for the Court to assess reasonableness. *See Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 971 (D.C. Cir. 2004); *Welch v. Metro Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). The "likelihood of duplicative labor" when multiple attorneys work on a matter supports a percentage reduction. *Esquivel*, 913 F. Supp. at 1393.

#### 1. National Counsel Fees

Credit Suisse's time records are replete with excessive, duplicative, and improper block-billed entries. All such fees are not recoverable:

- Wilmer Hale's time records reveal **eight** timekeepers. Plaintiff is being asked to pay for successive attorneys to "get up to speed," which is clearly duplicative and supports a general reduction. In addition, Defendants were only partially successful at the Supreme Court. That Court overruled the *Whittaker* rule, but did not adopt Defendants' no-tolling rule. A 35% reduction would be appropriate for the combined inefficiency of multiple attorneys and limited success.

- In the prior action, Defendants filed **four** 2-page, fill-in-the-blank pro hac vice forms on June 20, 2008, including **two** for a single lawyer, Robert B. McCaw, who never worked on the case. But for pro hac vice applications, Wilmer Hale's time records reflect 8.8 hours of work and $3,419.24 in fees, often block-billed with other tasks. The Court should deduct $3,000 for this excessive, block-billed work.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE 41(D) MOTION FOR COSTS AND STAY – 10
No. 2:12-cv-01937 JLR

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

- 3.4 hours of work and $1,827.15 in fees for working on cross appeals, where the prior case was not even one Credit Suisse cross-appealed.

- Wilmer Hale's records show 11.8 hours from December 6–14, 2010, and charges of $5,219.99 for work on Defendants' request for rehearing on en bank review by the Ninth Circuit, which that Court did not grant. This unsuccessful work should be deducted.

- Wilmer Hale's time records show extensive work meeting with, and responding to issues raised by, the SEC. This was not work done because of the **Plaintiff's** claim but because of the **Government's** response to the Defendants' own Petition for Certiorari. This was work Plaintiff did not occasion and cannot be asked to pay for under Rule 41. This work includes 33.8 hours from July 1–27, 2011, totaling $19,725.70, and 4.7 hours from August 25–September 12, 2011, totaling $2,687.52.

- 0.7 hours of work and charges of $371.94 for Defendants' unsuccessful strategy for opposing Plaintiff's voluntary dismissal.

Wilner Decl. ¶¶ 2-5 & Exs. C, E, F. After deducting these charges, the remainder is $57,773.51 for the Supreme Court Phase, of which 1/7th is $8,253.36, and $48,693.42 for all other litigation, of which 1/14th is $3,478.10, totaling $11,731.46. A 35% reduction for successive attorneys performing duplicative work and only partial success in the Supreme Court leaves $7,625.45. *Id.*

### 2. Local Counsel Fees

Local counsel's fees also include items that are not recoverable:

- An astonishing 390 hours totaling $76,044 for attorney and paralegal time working on pro hac vice applications and other block-billed tasks. The majority of this time consists of paralegal Diane Corbett's work, billed at $170 per hour often in full- or half-day increments, for the following repeated line item: "*Continued preparation of Pro Hac Vice Applications; Attorney Registration Forms and Notice of Appearance in coordinated cases. Ongoing update and modifications to Extranet database to reflect ECF filing in all matters; coordinate defendant notification re: same; file Pro Hac Vice for national counsel.*" This is block billing at its worst. Moreover, $170 per hour is a wildly excessive rate for repetitive, routine filing and document management. The Court should deduct $60,835.20 (80%) for this excessive charge.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE
41(D) MOTION FOR COSTS AND STAY – 11
No. 2:12-cv-01937 JLR

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

- 30.7 hours of work and fees of $10,820 for work on cross appeals, where the prior case was not even one Credit Suisse cross-appealed.

- 3.0 hours and a charge of $1,440 for **local counsel** to attend argument in the Supreme Court, even though national counsel appeared.

- 6.2 hours from June 12–July 10, 2012, and charges of $3,100 for Defendants' unsuccessful strategy for opposing Plaintiff's voluntary dismissal.

Wilner Decl. ¶¶ 2-4 & Exs. D, E. When these charges are eliminated, and the remainder is reduced for Credit Suisse's average responsibility for 10.91% of local counsel's fees, the total fees for local counsel amount to $20,056.59, of which 1/14th is $1,432.61. *Id.*

### F. A Stay Is Not Warranted.

A stay is unnecessary. Plaintiff would immediately pay any cost award issued by the Court. Plaintiff also would have no objection to an order that the action be stayed if Plaintiff were to fail to pay the award within 10 days.

### III. CONCLUSION

Plaintiff respectfully requests that the Court deny Credit Suisse's motion.

DATED this 22nd day of January, 2013.

| | |
|---|---|
| **GORDON TILDEN THOMAS & CORDELL LLP**<br>Attorneys for Plaintiff | **KELLER ROHRBACK L.L.P.**<br>Attorneys for Plaintiff |
| By: *s/Mark Wilner*<br>Jeffrey I. Tilden, WSBA #12219<br>Mark A. Wilner, WSBA #31550<br>David M. Simmonds, WSBA #6994<br>1001 Fourth Avenue, Suite 4000<br>Seattle, Washington 98154<br>Telephone: (206) 467-6477<br>Facsimile: (206) 467-6292<br>Email: jtilden@gordontilden.com<br>Email: mwilner@gordontilden.com<br>Email: dsimmonds@gordontilden.com | By: *s/Ian Birk*<br>William C. Smart, WSBA #8192<br>Ian S. Birk, WSBA #16296<br>1201 Third Avenue, Suite 3200<br>Seattle, Washington 98101<br>Telephone: (206) 623-1900<br>Facsimile: (206) 623-3384<br>Email: wsmart@kellerrohrback.com<br>Email: ibirk@kellerrohrback.com |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE 41(D) MOTION FOR COSTS AND STAY – 12
No. 2:12-cv-01937 JLR

**GORDON TILDEN THOMAS & CORDELL** LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

# CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following.

**Counsel for Nominal Plaintiff Geeknet, Inc.**:
Molly M. Dailey
Stoel Rives
600 University Street, Suite 3600
Seattle, WA 98101
T: (206) 624-0900
F: (206) 386-7500
Email: mmdaily@stoel.com

**Counsel for Credit Suisse Securities (USA) LLC**:
Christopher B. Wells
Lane Powell PC
1420 Fifth Avenue, Suite 4100
Seattle, WA 98101
T:  206-223-7000
F:  206-226-7107
Email: wellsc@lanepowell.com

Davis S. Lesser
Fraser Hunter
WilmerHale
7 World Trade Center
250 Greenwich Street
New York, NY 10007
212-230-8851
212-230-8888
David.lesser@willmerhale.com
Fraser.hunter@willmerhale.com

*s/Mark Wilner*
Mark Wilner, WSBA #31550
Gordon Tilden Thomas & Cordell LLP

PLAINTIFF'S OPPOSITION TO DEFENDANT'S RULE 41(D) MOTION FOR COSTS AND STAY – 13
No. 2:12-cv-01937 JLR

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292