UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VANESSA SIMMONDS, <br><br> Plaintiff, <br><br> and <br><br> GEEKNET, INC. (f/k/a VA LINUX SYSTEMS, INC.), <br><br> Nominal Plaintiff <br><br> v. <br><br> CREDIT SUISSE SECURITIES (USA) LLC, <br><br> Defendant. | CASE NO. C12-1937JLR <br><br> ORDER ON RULE 41(D) MOTION FOR COSTS AND STAY |

ORDER- 1

## I. INTRODUCTION

This matter comes before the court on Defendant Credit Suisse Securities LLC's ("Credit Suisse") Federal Rule of Civil Procedure 41(d) Motion for Costs and Stay.[1] (Mot. (Dkt. # 17).) Credit Suisse asks the court to order Plaintiff Vanessa Simmonds to pay costs associated with a substantially similar prior action between the same parties that Ms. Simmonds voluntarily dismissed. They argue that Federal Rule of Civil Procedure 41(d) permits the court to order payment of costs, and that the court in its discretion should do so. The court has considered the submissions of the parties, the governing law, and the record; considering itself fully advised, the court GRANTS the motion in part and awards costs in the amount of $4,585.82 (Dkt. # 17).

## II. ANALYSIS

Federal Rule of Civil Procedure 41(d) grants district courts broad discretion to order plaintiffs to pay costs associated with a "previously dismissed action" based on or including "the same claim against the same defendant":

> **Costs of a Previously Dismissed Action.** If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
> (2) may stay the proceedings until the plaintiff has complied.

---

[1] The court ruled on the motion to stay during a telephone conference held on January 18, 2013. (*See* Minute Entry (Dkt. # 22).) The court ruled that a stay was not necessary because counsel for Plaintiff represented that Plaintiff would pay any Rule 41(d) cost order "immediately." (*See also* Resp. (Dkt. # 23) at 12 ("Plaintiff would immediately pay any cost award issued by the court.").)

ORDER- 2

Fed. R. Civ. P. 41(d). The purpose of this rule is to prevent vexatious litigation and forum shopping, "'especially by plaintiffs who have suffered setbacks in one court and dismiss to try their luck somewhere else.'" *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000) (quoting *Robinson v. Nelson*, No. 98-10802-MLW, 1999 WL 95720, at *2 (D. Mass. Feb. 18, 1999)). The rule is also "intended to prevent attempts to 'gain any tactical advantage by dismissing and refiling th[e] suit.'" *Id.* (quoting *Sewell v. Wal-Mart Stores, Inc.*, 137 F.R.D. 28, 29 (D. Kan. 1991)).

Rule 41(d) applies in this case. This is so because Ms. Simmonds previously voluntarily dismissed an action against Credit Suisse that involved many of the same claims as this case. (*See Simmonds v. Credit Suisse Securities (USA) LLC*, No. C07-1583JLR (Dkt. ## 54, 55).) Indeed, Ms. Simmonds dismissed the previous action after the Ninth Circuit remanded her case following an adverse ruling in the Supreme Court, but before the court acted on remand. *See Simmonds v. Credit Suisse Securities (USA) LLC*, 678 F.3d 1139 (9th Cir. 2012) (remanding case). It appears that refiling this suit was an attempt to avoid adverse rulings and gain a tactical advantage. Ms. Simmonds argues in her response to this motion that this is not so, and that Rule 41(d) does not apply because this action is different from her previous action. (*See* Resp. (Dkt. # 23) at 2-4.) The court rejects this argument, finding that the differences between the two actions are mostly cosmetic; this case has the same operative facts, names the same parties, and involves the same conduct as the previous claim. (*Compare* Decl. of Jeffrey Tilden (Dkt. # 24) Ex. A (Complaint in first action) *with id.* Ex. B (Complaint in second action).) Most importantly, the court has thoroughly reviewed the complaints in each

case and concludes that they "include" some of the same claims against the same defendant. (*Id.*) This is all that Rule 41(d) requires, so the rule applies here and the court has broad discretion to order Ms. Simmonds to pay costs.

Other courts have looked to various factors to guide their discretion in deciding whether to award costs under Rule 41(d). For example, courts have considered: (1) whether there is any indication of vexatious intent or forum shopping;[2] (2) whether dismissal was an attempt to gain a tactical advantage;[3] (3) whether dismissal was designed to avoid court-imposed deadlines or other unfavorable rulings;[4] (4) whether the merits of the case were reached in the previous action or whether instead dismissal turned on procedural issues;[5] (5) whether the moving party sought costs at the time of the dismissal;[6] (6) whether the plaintiffs are financially able to bear the costs of the prior action;[7] and (7) whether the previous suit was vulnerable at the time it was dismissed.[8]

Considering all of these factors, the court holds that an award of costs is appropriate in this case. Specifically, the court finds factors (2), (3), (4), (6), and (7) persuasive. Ms. Simmonds' dismissal seems to be largely for tactical advantage and to avoid certain adverse rulings in the previous case. Further, the court never reached the merits of the previous action and instead decided it on procedural grounds. In addition,

---

[2] *Sewell v. Wal-Mart Stores, Inc.*, 137 F.R.D. 28, 29 (D. Kan. 1991).
[3] *Id.*
[4] *See, e.g.*, *Siepel v. Bank of Am., N.A.*, 239 F.R.D. 558, 564 (E.D. Mo. 2006).
[5] *Ecoquest Intern., Inc. v. Or. Collectables*, No. Civ.04-3088-CO, 2005 WL 174850, at *1 (D. Or. Jan. 24, 2005).
[6] *Sewell*, 137 F.R.D. at 29.
[7] *Id.*
[8] *Esquivel v. Arau*, 913 F. Supp. 1382, 1387 (C.D. Cal. 1996).

ORDER- 4

Ms. Simmonds can bear the costs of the prior action (*see* Resp. at 12 ("Plaintiff would immediately pay any cost award issued by the court.")), and her case was vulnerable at the time of dismissal. For these reasons, the court concludes that an award of costs is warranted.

Turning next to the question of amount, the court first considers whether attorney's fees are recoverable as "costs" under Rule 41(d). Appellate courts are split on this issue, *compare, e.g., Rogers*, 230 F.3d at 874 ("[A]ttorneys fees are not available under Rule 41(d).") *with Esposito v. Piatrowski*, 223 F.3d 497, 501 (7th Cir. 2000) (attorney's fees available in certain circumstances), and the Ninth Circuit has not weighed in. *See, e.g., Esquivel*, 913 F. Supp. at 1387 (noting that the Ninth Circuit has not addressed this issue). District courts across the nation are split too, including district courts within the Ninth Circuit. *Compare, e.g., Esquival*, 913 F. Supp. at 1392, *with Henderson v. Blount*, No. C10-5433BHS, 2010 WL 3385322, at *1 (W.D. Wash. Aug. 25, 2010). In light of this split, the court follows the rule it believes has the soundest rationale and the most solid grounding in reason and common sense, holding that attorney's fees are available as "costs" under Rule 41(d). *See Esquivel*, 913 F. Supp. at 1388-92 (examining case law and explaining in detail the rationale for including attorney's fees as part of "costs" under Rule 41(d)). The court adopts the rationale set forth in the *Esquivel* case, finding it persuasive and well-reasoned. *See id.*

In addition, the court follows the general rule that attorney's fees are only available to the extent work product cannot be reused in the later proceeding. *Id.* at 1392. Applying this rule, the court reduces Credit Suisse's request for costs to the extent

ORDER- 5

attorney fees were expended toward building intellectual capital and establishing precedent that may be useful in this action. This includes all fees attributable to work on legal issues that remain relevant in this action, as well as all fees attributable to Ninth Circuit and Supreme Court appeals (since these appeals established precedent that Credit Suisse may rely on in this case).

Applying these principles and reviewing the billing statements submitted by the parties, the court reduces Lane Powell's unadjusted fee claims by $1,506.00 for the Supreme Court litigation phase and $10,290.77 for all other phases of litigation. Next, the court adjusts these numbers using the same methodology[9] applied by Credit Suisse and finds that Lane Powell's legitimate fee claims are equal to the amount of ($1,506.00 - $1,506.00)/7 + ($26,865.88 - $10,290.77)/14 = $1,183.94. (*See* Decl. of Christopher Wells (Dkt. # 18) at 34.) As for expenses, none of Lane Powell's expenses merit adjustment and Lane Powell can claim expenses in the amount of $748.64. (*Id.* at 47.)

Similar adjustments are warranted for the fees claimed by Wilmer Cutler Pickering Hale and Dorr ("WilmerHale"). Applying the principles outlined above, the court reduces WilmerHale's unadjusted fee claims by $80,186.73 during the Supreme Court litigation phase and $39,932.35 for all other phases of litigation. Next, the court adjusts these numbers using the same methodology applied by Credit Suisse and finds that WilmerHale's legitimate fee claims are equal to the amount of ($80,186.73 -

---

[9] Credit Suisse adjusts its original fee claims to reflect the fact that, in the previous action, this refiled action was one of seven cases against Credit Suisse at the Supreme Court phase and one of 14 during all other phases of the litigation. Hence, Credit Suisse adjusts its original fee claims by dividing by seven and 14, respectively. (*See, e.g.*, Wells Decl. at 34.)

ORDER- 6

$80,186.73)/7 + ($59,112.50 - $39,932.35)/14 = $1,370.01. (*See* Decl. of David Lesser (Dkt. # 19) at 24.) As for expenses, WilmerHale's expenses also merit adjustment. In particular, WilmerHale claims $31,042.48 in "Professional Fees Paid to Kirkland & Ellis LLP . . . Relating to Cert Petition and Oral Argument in the US Supreme Court." (*Id.* at 27.) These appear to be attorney's fees, not expenses. Moreover, they appear to be attorney's fees related to litigation in the Supreme Court phase of this case. (*See id.*) The court finds that these are not recoverable for the reasons stated above. Thus, WilmerHale's expenses are reduced by the amount of $31,042.48 during the Supreme Court phase, leaving WilmerHale with unadjusted expenses of $6,610.91 for the Supreme Court phase and $4,743.36 for all other phases. Adjusting these numbers using Credit Suisse's methodology yields recoverable expenses of $944.42 for the Supreme Court phase and $338.81 for all other phases for a total of $1,283.23.

Adding up all of these numbers, the court orders Ms. Simmonds to pay Credit Suisse a total of ($1,183.94 + $748.64 + $1,370.01 + $1,283.23) = $4,585.82.

//
//
//
//
//
//
//
//

ORDER- 7

### III. CONCLUSION

For the reasons stated above, the court GRANTS Credit Suisse's motion for costs, REAFFIRMS its denial of Credit Suisse's motion for stay, and ORDERS Ms. Simmonds to pay Credit Suisse costs in an amount equal to $4,585.82 (Dkt. # 17).

Dated this 7th day of February, 2013.

JAMES L. ROBART
United States District Judge