1

THE HONORABLE JAMES L. ROBART

2

3

4

5

6

7               UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF WASHINGTON
8                     AT SEATTLE

9    VANESSA SIMMONDS,                          )
                                                )
10                           Plaintiff,          )
                                                )
11   and                                        )
                                                )
12   GEEKNET, INC. (f/k/a VA LINUX              )   Case No. 2:12-cv-01937 JLR
     SYSTEMS, INC.), a Delaware corporation,    )
13                                               )   **DEFENDANT'S MOTION FOR FEES**
                             Nominal Plaintiff,  )   **AND COSTS**
14                                               )
     v.                                         )   NOTE ON MOTION CALENDAR:
15                                               )   MAY 17, 2013
     CREDIT SUISSE SECURITIES (USA) LLC,        )
16   a Delaware limited liability company,      )
                                                )
17                           Defendant.          )
                                                )
18   _____        )

19          Credit Suisse respectfully requests that the Court award fees and costs of this action

20   pursuant to the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(c) ("PSLRA").

21                **BACKGROUND AND RELEVANT PSLRA STANDARDS**

22          On April 24, 2013, this Court dismissed Simmonds's suit on the basis that it is time-

23   barred and ineligible for equitable tolling.  *See* Order [Dkt. No. 43] at 2-3.  On May 1, 2013,

24   Plaintiff notified the Court that she "will not be filing an amended complaint," and that she

25   understood, "per the Court's order, that the Court will be dismissing this action with prejudice."

26   *See* Notice [Dkt. No. 44] at 2.

27

DEFENDANT'S MOTION FOR FEES AND
COSTS - 1
Case No. 2:12-cv-01937 JLR
123414.0002/5664809.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

1    The PSLRA states that a court shall make "specific findings" regarding compliance

2    with Federal Rule of Civil Procedure 11(b) upon the "final adjudication" of a private action

3    under the Securities Exchange Act, and that the imposition of sanctions is "mandatory" if a

4    court finds a violation of Rule 11(b).  15 U.S.C. § 78u-4(c)(1), (2); *see also ATSI Commc'ns,*

5    *Inc. v. Shaar Fund, Ltd.*, 579 F.3d 143, 148-49 (2d Cir. 2009) (noting that "[i]f a violation [of

6    Rule 11(b)] is found, sanctions are mandatory" under the PSLRA).[1]  "Prior to making a finding

7    that any party or attorney has violated Rule 11 of the Federal Rules of Civil Procedure, the

8    court shall give such party or attorney notice and an opportunity to respond."  15 U.S.C. § 78u-

9    4(c)(2). The PSLRA imposes a presumptive sanction of "reasonable attorneys' fees and other

10   expenses incurred" for any "substantial failure of any complaint to comply with any

11   requirement of Rule 11(b)."  *Id.* § 78u-4(c)(3)(A)(ii).

12       Rule 11(b) in turn provides that any complaint presented to a court shall include a

13   representation that, among other things,

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support

---

[1] 15 U.S.C. § 78u-4(c) provides, in relevant part:
     (1) Mandatory review by court
     In any private action arising under this chapter, upon final adjudication of the action, the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion.
     (2) Mandatory sanctions
     If the court makes a finding under paragraph (1) that a party or attorney violated any requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion, the court shall impose sanctions on such party or attorney in accordance with Rule 11 of the Federal Rules of Civil Procedure.

DEFENDANT'S MOTION FOR FEES AND
COSTS - 2
Case No. 2:12-cv-01937 JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. P. 11(b).  No subjective bad faith is necessary to violate Rule 11(b).  *See Glaser v. City of San Diego*, 163 F.3d 606, at *2 (9th Cir. 1998) (unpublished) (holding that Rule 11(b) sanctions are appropriate "when a pleading which has been filed is objectively 'frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith'" (quoting *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986)); *Truesdell v. S. Cal. Permanente Med. Grp.*, 209 F.R.D. 169, 173-74 (C.D. Cal. 2002) (holding that "no showing of bad faith or subjective intent is required" under Rule 11).

## GROUNDS FOR AWARD OF FEES AND EXPENSES IN THIS CASE

Credit Suisse respectfully submits that an award of fees and expenses is warranted here because the Complaint plainly violated Rule 11(b) in numerous respects.

*No legal basis*.  First and foremost, at the time Plaintiff submitted the Complaint it was plainly time-barred in violation of Rule 11(b)(2).  As this Court held, the Supreme Court's decision—in Plaintiff's own case—made it "abundantly clear" that "equitable tolling is not available for Section 16(b) actions beyond the time when the plaintiff 'is aware, or should have been aware, of the facts underlying the claim.'"  Order at 8 (quoting *Credit Suisse v. Simmonds*, 132 S. Ct. 1414, 1420 (2012)).  This standard necessarily barred Plaintiff's claim in this action because, as this Court further held, "the facts underlying Ms. Simmonds' claim were publicly available and were known or should have been known long ago."  *Id.* at 13.  This Court rightly recognized that the "the 'new' collaborators"—Wilson Sonsini and Sequoia Capital—"were actually included in the original Complaint," and that "the 'new' collaborator allegations in the new Complaint do not spring from newly discovered facts, but from a changed legal theory."  *Id.* at 10.  Further, the Court properly rejected Plaintiff's argument for equitable tolling based on a supposedly recent shift in academic theories about dot.com-era IPOs.  *Id.* at 12.  The claim of such a shift is dubious, as this Court recognized, *see id.*, but in any event Plaintiff's "academic shift" argument is frivolous in light of the Supreme Court's plain holding that any

DEFENDANT'S MOTION FOR FEES AND
COSTS - 3
Case No. 2:12-cv-01937 JLR
123414.0002/5664809.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

equitable tolling ceases when the plaintiff "is aware, or should have been aware, of the *facts underlying the claim*." *Credit Suisse*, 132 S. Ct. at 1420 (emphasis added); *see also* Order at 12 ("Equitable tolling is not designed to delay statutes of limitations until a lawyer can dream up a legal theory to fit the client's allegations.").

Thus, there was no basis in existing law—or nonfrivolous argument for extending, modifying, or reversing existing law—to support the timeliness of Plaintiff's suit when it was filed. Bringing a suit that is plainly time barred, as Plaintiff did here, constitutes a violation of Rule 11. *See, e.g.*, *Pack v. Hoge Fenton Jones & Appel, Inc.*, 12-CV-4512-SC, 2013 WL 140027, at *4 (N.D. Cal. Jan. 10, 2013) (awarding sanctions under Rule 11(b) where, among other things, plaintiff asserted claims in an action that were "clearly time-barred" and had been asserted in a previously-filed action); *Byrne v. BuyThisFast Network, Inc.*, 2005 WL 1155175, *3 (S.D.N.Y. 2005) (holding that "bring[ing] a clearly time-barred complaint is a violation of Rule 11" and imposing sanctions under the PSLRA); *de la Fuente v. DCI Telecomm., Inc.*, 259 F. Supp. 2d 250 (S.D.N.Y. 2003) (granting PSLRA sanctions after dismissing 12 of 13 securities fraud claims on statute of limitations grounds), aff'd 82 F. App'x 723 (2d Cir. 2003).

*No evidentiary basis*. Second, although the foregoing easily suffices, sanctions are also warranted because it is plain that Plaintiff had no evidentiary support for what she contends to be the essential factual contentions in the Complaint—namely, that Wilson Sonsini and Sequoia were part of a Section 16(b) group and used "collars" to "realize profit from their stock holdings without actually selling those holdings" and thereby "reap illicit profits undetected." Order at 5. This violates Rule 11(b)(3). *See ATSI*, 579 F.3d at 150, 153 (affirming award of sanctions under PSLRA where "plaintiff's counsel lacked any reasonable factual basis for asserting that [defendant] had violated the federal securities laws" and instead "relied on speculation"). Nowhere in the Complaint or in the extensive briefing—and accompanying declarations and documents—did Plaintiff identify *any* evidentiary basis for her speculation about the existence of such a supposed group or about any collars supposedly used by Wilson Sonsini or Sequoia in connection with VA Linux stock. Indeed, at oral argument Plaintiff's

DEFENDANT'S MOTION FOR FEES AND
COSTS - 4
Case No. 2:12-cv-01937 JLR
123414.0002/5664809.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

1   counsel conceded that she has no such information, arguing that the statute of limitations

2   therefore has still not begun to run:

> Where is the group information? What information with respect to
> the purchase and sales is out there? It is still not out there today.  It
> is our view the statute of limitations has not begun to run.
>
> * * *
>
> [L]ook what we really have to prove. We have to identify the
> group. We have to show, frankly, an agreement, a conspiracy. No
> documents with respect to that are in the public domain. We have
> to show purchases and sales within the six-month period in the
> issuer's stock. None of that information is available, none.  It's
> true, this is -- well, I will stand by my prior point. We don't believe
> the statute of limitations has started to run.

9   Tr. 12:12-16, 14:10-18; *see also* Reply Br. [Dkt. No. 36] at 15.  The Supreme Court of course

10  flatly rejected Plaintiff's perpetual tolling argument, but for purposes of Rule 11(b)(3) the point

11  is that Plaintiff frankly admits she brought this suit without an evidentiary basis for the

12  supposedly key group and short-swing transaction elements of the claim.  Plaintiff may lament

13  the absence of actual evidence to support a suit she would like to bring, but she is simply not

14  entitled to sue under such circumstances; rather, that is exactly the type of wholly speculative

15  litigation that Rule 11 and the PSLRA are meant to deter.[2]

---

[2] In describing the Complaint's allegations, the Court stated that the collaborators allegedly
used collars "to realize profit from their stock holdings without actually selling those holdings"
and that "[t]his is important because selling stock immediately after the IPO would have been
an illegal 'short swing' transaction under Section 16(b)."  Order at 5.  Notably, however, that
would not be true here.  Liability under Section 16(b) requires, among other things, a purchase
*and* a sale of a registered security within a six-month period. *See* 15 U.S.C. § 78p(b).  Here,
Plaintiff did not even attempt to allege a *purchase* of the shares that supposedly realized profits
via collars, nor could she.  No post-IPO purchases at all are alleged and the public records
reveal none, so any profits Wilson Sonsini and Sequoia supposedly realized via collars would
have had to be from their unregistered shares acquired before the VA Linux IPO.  Yet Plaintiff
rightly conceded that such "pre-registration purchases cannot form the purchase leg of a
Section 16(b) purchase-and-sale combination." Opp'n  [Dkt. No. 34] at 31; *see also* 15 U.S.C.
§ 78p(a) (§ 16 applies only to registered securities); MTD Br. [Dkt. No. 31] at 39; *Dreiling v.
America Online, Inc.*, 2008 WL at 496166, at *10 n.11 (W.D. Wash. 2008) (Robart, J.).

DEFENDANT'S MOTION FOR FEES AND
COSTS - 5
Case No. 2:12-cv-01937 JLR

123414.0002/5664809.1

1

2                                    **CONCLUSION**

3          For the foregoing reasons, and the others set forth in Credit Suisse's briefs on the

4   motion to dismiss and Rule 41(d) motion, Credit Suisse respectfully requests that the Court

5   award reasonable fees and expenses pursuant to the PSLRA.[3]

6

7          DATED:  May 2, 2013
                                              Respectfully submitted,
8

9                                             LANE POWELL PC

10

11                                            By  *s/Christopher B. Wells*
                                              Christopher B. Wells, WSBA No. 08302
12                                            1420 Fifth Avenue, Suite 4200
                                              P.O. Box 91302
13                                            Seattle, WA 98111-9402
                                              Telephone:  206.223.7000
14                                            Facsimile:  206.223.7107
                                              Email:  wellsc@lanepowell.com
15

16
                                              WILMER CUTLER PICKERING HALE
17                                                AND DORR LLP
                                              David S. Lesser (*pro hac vice*)
18                                            Fraser L. Hunter (*pro hac vice*)
                                              Colin T. Reardon (*pro hac vice*)
19                                            7 World Trade Center
                                              250 Greenwich Street
20                                            New York, NY  10007
                                              Telephone:  212.230.8851
21                                            Facsimile:  212.230.8888
                                              Email:  david.lesser@wilmerhale.com
22                                            Email:  fraser.hunter@wilmerhale.com

23                                            Attorneys for Defendant
                                              Credit Suisse Securities (USA) LLC
24

25

26   ─────────────────────────
     [3] Credit Suisse has incurred considerable fees and expenses in defending this action and will of
27   course provide documentation to Plaintiff and the Court should the Court deem it appropriate to
     award reasonable fees and expenses.

DEFENDANT'S MOTION FOR FEES AND
COSTS - 6
Case No. 2:12-cv-01937 JLR

123414.0002/5664809.1

1

## CERTIFICATE OF SERVICE

2

3          The undersigned certifies under penalty of perjury under the laws of the State of

4    Washington and the United States that on the 2nd day of May, 2013, the document attached

5    hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF system.

6    In accordance with their ECF registration agreement and the Court's rules, the Clerk of the

7    Court will send e-mail notification of such filing to the following persons:

8    **David M. Simmonds**
     GORDON TILDEN THOMAS & CORDELL LLP
9    1001 4TH AVE
     STE 4000
10   SEATTLE, WA 98154
     206-467-6477
11   Email: dsimmonds@gordontilden.com

12   **Jeffrey I Tilden**
     GORDON TILDEN THOMAS & CORDELL LLP
13   1001 4TH AVE
     STE 4000
14   SEATTLE, WA 98154
     206-467-6477
15   Email: jtilden@gordontilden.com

16   **Ian S Birk**
     KELLER ROHRBACK
17   1201 3RD AVE
     STE 3200
18   SEATTLE, WA 98101-3052
     206-623-1900
19   Email: ibirk@kellerrohrback.com

20   **William Candler Smart**
     KELLER ROHRBACK
21   1201 3RD AVE
     STE 3200
22   SEATTLE, WA 98101-3052
     206-623-1900
23   Fax: 206-623-3384
     Email: wsmart@kellerrohrback.com

24

25

26

27

DEFENDANT'S MOTION FOR FEES AND
COSTS - 7
Case No. 2:12-cv-01937 JLR
123414.0002/5664809.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

1

**Mark A Wilner**
GORDON TILDEN THOMAS & CORDELL LLP
2    1001 4TH AVE
STE 4000
3    SEATTLE, WA 98154
206-467-6477
4    Fax: 206-467-6292
Email: mwilner@gordontilden.com
5
**Molly Margaret Daily**
6    STOEL RIVES LLP
600 UNIVERSITY ST
7    STE 3600
SEATTLE, WA 98101-3197
8    206-624-0900
Fax: 206-386-7500
9    Email: mmdaily@stoel.com

10

11        Executed on the 2nd day of May, 2013, at Seattle, Washington.

12

13                                   *s/Christopher B. Wells*
                                     Christopher B. Wells,
14                                   WSBA No. 08302
                                     Address:  1420 Fifth Avenue, Suite 4200
15                                   Seattle, WA  98111-9402
                                     Telephone:  206.223.7000
16                                   Fax:  206.223.7107
                                     E-mail:  wellsc@lanepowell.com

17

18

19

20

21

22

23

24

25

26

27

DEFENDANT'S MOTION FOR FEES AND
COSTS - 8
Case No. 2:12-cv-01937 JLR
123414.0002/5664809.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107