UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VANESSA SIMMONDS,<br><br>    Plaintiff,<br><br>  v.<br><br>CREDIT SUISSE SECURITIES (USA) LLC,<br><br>    Defendant. | CASE NO. C12-1937JLR<br><br>ORDER DENYING MOTION FOR ATTORNEY'S FEES |

Before the court is Defendant Credit Suisse Securities (USA) LLC's ("Credit Suisse") motion for attorney's fees (Dkt. # 45) under the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(c) ("PSLRA"). This case was recently dismissed. Credit Suisse now argues that it is entitled to attorney's fees under the PSLRA. The court has considered the submissions of the parties, the governing law, and the record and, considering itself fully advised, DENIES Credit Suisse's motion.

ORDER- 1

## I. BACKGROUND

This is a securities case in which Plaintiff Vanessa Simmonds[1] alleged insider trading by Credit Suisse and several collaborators in connection with one of the hottest opening-day Initial Public Offerings ("IPO") of the late-1990s and early-2000 dot.com era. Ms. Simmonds alleged that Credit Suisse collaborated with law firm Wilson Sonsini Goodrich & Rosati ("Wilson Sonsini"), venture capital firm Sequoia Capital ("Sequoia"), and investment bank Lehman Brothers to over-inflate for personal gain the post-IPO stock price of a company called VA Linux (now called Geeknet, Inc.). (Compl. (Dkt. # 1) ¶ 4.1.) Pursuant to this theory, Ms Simmonds asserted a claim for violation of Section 16(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78p(b). (*Id.* ¶¶ 5.1-5.3.)

This case has a long procedural history. In 2007, Ms. Simmonds filed 54 derivative shareholder actions against different defendants involved in dot.com-era IPOs, *see In re Section 16(b) Litigation*, 602 F.Supp.2d 1202, 1204 (W.D. Wash. 2009), including one based on the VA Linux IPO. (*See Simmonds v. Credit Suisse Group, et al.*, No. 07-C1559JLR (W.D. Wash. 2007), Compl. (Dkt. # 1).) That action named Credit Suisse as the defendant and involved many of the same allegations as this case. (*See id.*) All 54 of Ms. Simmonds' actions were consolidated in this court, *Simmonds*, 602 F. Supp. 2d at 1204, and on March, 12, 2009, the court dismissed them all. *Id.* at 1204-

---

[1] This is a shareholder derivative suit and Ms. Simmonds is proceeding on behalf of nominal Plaintiff Geeknet, Inc.

05. This included dismissing the VA Linux-based case as time-barred and rejecting Ms. Simmonds' equitable tolling argument. *Id.* at 1204-05, 1216-18. The Ninth Circuit reversed the court's decision, but the case was appealed to the United States Supreme Court, which reversed the Ninth Circuit, set forth a standard for equitable tolling under Section 16(b), and remanded for further consideration. *Credit Suisse Securities (USA) LLC v. Simmonds*, 132 S. Ct. 1414 (2012). Before the court took any action on remand, Ms. Simmonds voluntarily dismissed her claims (*see Simmonds v. Credit Suisse*, No. 07-C1559JLR, Not. of Voluntary Dismissal (Dkt. # 54)), and refiled a similar, but slightly different, claim based on the VA Linux IPO, again naming Credit Suisse as Defendant. (*See* Compl.)

The court dismissed Ms. Simmonds' new action as time-barred on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss because her claim was based on conduct that occurred more than thirteen years ago. (*See generally* Compl.) VA Linux went public on December 9, 1999, and all of the conduct comprising Ms. Simmonds' claim occurred around that time. (*Id.* ¶ 2.1-2.2.) Thus, the primary question before the court on the motion to dismiss was whether Ms. Simmonds' Section 16(b) claim against Credit Suisse was time-barred, and specifically whether equitable tolling applied to extend the statute of limitations long enough to allow Ms. Simmonds' claim to proceed.

The court held oral argument on the motion and ultimately granted it. The court held that equitable tolling did not apply because it had been too long since Ms. Simmonds was "aware or should have been aware of the facts underlying [her] claim." (4/24/13 Order (Dkt. # 43) at 8.) The court applied the standard set forth by the Supreme Court

and found that the newly-filed complaint was not different enough from the old complaint to justify equitable tolling where it had not been justified before. (*Id.* at 9-10.) The court granted Ms. Simmonds leave to amend her complaint, but she elected not to do so. (Not. of Dec. Not to File Am. Compl. (Dkt. # 44).) Credit Suisse then filed this motion for attorney's fees under the PSLRA.

## II.  ANALYSIS

The PSLRA contains a sanctions provision that allows courts to award attorney's fees. After a "final adjudication" of a Securities and Exchange Act action, a court must make "specific findings" regarding whether each party complied with "each requirement" of Federal Rule of Civil Procedure 11(b) "as to any complaint, responsive pleading, or dispositive motion." 15 U.S.C. § 78u-4(c)(1). If the court finds that a party or attorney violated Rule 11(b), the court "shall" impose sanctions on that party. *Id.* § 78u-4(c)(2).

A party violates Federal Rule of Civil Procedure 11(b) by submitting pleadings for an improper purpose or making claims or factual contentions without legal or evidentiary support. No subjective bad faith is required. *Truesdell v. S. Cal. Permanente Med. Grp.*, 209 F.R.D. 169, 173-74 (C.D. Cal. 2002). Credit Suisse argues that Ms. Simmonds' counsel violated Federal Rule of Civil Procedure 11(b) by:

(1) Asserting claims, defenses, or other legal contentions that are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and

  (2) Making factual contentions that lack evidentiary support and likely will lack evidentiary support after a reasonable opportunity for further investigation or discovery.

See Fed. R. Civ. P. 11(b).[2]

  The court finds that Ms. Simmonds' counsel did not violate Rule 11.  This case had a clear winner and a clear loser, but Ms. Simmonds' counsel made a colorable legal argument supported by factual contentions that likely had evidentiary support.  Specifically, the court finds that Ms. Simmonds' legal contentions (although not warranted by existing law) were warranted by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.  See Fed R. Civ. P. 11(b).  Ms. Simmonds' equitable tolling argument was, to be sure, an invitation to extend the law beyond its present confines.  Nevertheless, these arguments made logical sense and presented the court with a legitimate, nonfrivolous issue to decide.

  It also cannot be said that Ms. Simmonds' counsel's arguments likely would "lack evidentiary support after a reasonable opportunity for further investigation or discovery." See Fed. R. Civ. P. 11(b).  Obviously, the court does not know what would have been produced in discovery.  However, the court has a substantial history examining pleadings, allegations, and documentary submissions in this litigation and concludes based on that history that Ms. Simmonds' factual contentions may have ultimately been supported by

---

[2] Rule 11(b) contains two other grounds for levying sanctions (presenting pleadings for an improper purpose and denying allegations when doing so is not warranted by the evidence), see Fed. R. Civ. P. 11(b), but Credit Suisse does not argue that either of them apply and, independent of that, the court finds that neither applies.

1 evidence.  The court bases this finding in part on the specificity of the pleadings and the

2 evidently substantial amount of background research conducted by Ms. Simmonds'

3 counsel in connection with this case.

### III. CONCLUSION

For the foregoing reasons, the court DENIES Credit Suisse's motion for attorney's fees (Dkt. # 45).  There were no Rule 11(b) violations in this case, and accordingly there is no basis for awarding fees under the PSLRA.

Dated this 28th day of May, 2013.

*[signature]*

JAMES L. ROBART
United States District Judge

ORDER- 6